IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BRUCE L. WAPLES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 06-657-GMS |
| | ) |
| WARDEN ROBERT GEORGE, | ) |
| | ) |
| Defendant. | ) |

## ORDER

The plaintiff, Bruce L. Waples ("Waples"), SBI #170369, a *pro se* litigant who is presently incarcerated, filed this action pursuant to 42 U.S.C. § 1983. Waples requested, and was granted, leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (D.I. 1, 4.)

The Prison Litigation Reform Act ("PLRA") provides that a prisoner cannot bring a new civil action or appeal a judgment in a civil action *in forma pauperis* if he or she has three or more times in the past, while incarcerated, brought a civil action or appeal in federal court that was dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915(g). A case dismissed as frivolous prior to the enactment of the PLRA (i.e., April 26, 1996) is counted when applying the "three strikes rule". *Keener v. Pennsylvania Bd. of Probation & Parole*, 128 F.3d 143 (3d Cir. 1997). An exception is made to the "three strikes rule", when the prisoner is in imminent danger of serious physical injury. A prisoner who is not proceeding *in forma pauperis* may file a new civil action or appeal even if that prisoner has three or more dismissals described in 28 U.S.C. 1915(g).

It has come to the court's attention that the plaintiff, while incarcerated, has filed at least three civil actions that were dismissed as frivolous, malicious or for failure to state a claim upon

which relief may be granted as follows: *Waples v. Kearney,* C.A. No. 01-1822 (3d Cir. Feb. 11, 2002); *Waples v. Kearney,* Civ. No. 03-722-GMS (D. Del. Mar. 29, 2005); *Waples v. Kearney,* Civ. No. 00-558-GMS (D. Del. June 20, 2003); *Waples v. Kearney,* Civ. No. 01-46-GMS (D. Del. Dec. 14, 2001). Accordingly, the plaintiff may not file another civil action *in forma pauperis* while incarcerated unless he is in "imminent danger of serious physical injury" at the time of the filing of his complaint. 28 U.S.C. § 1915(g); *Abdul-Akbar v. McKelvie,* 239 F.3d 307, 311 (3d Cir. 2001). Waples' complaint does not meet that standard.

IT IS THEREFORE ORDERED as follows:

1. The November 2, 2006 order (D.I. 4) is VACATED.

2. The plaintiff's motion for leave to proceed *in forma pauperis* (D.I. 1) is DENIED.

3. Waples is given thirty (30) days from the date of this order to pay the $350.00 filing fee. If Waples does not pay the filing fee within that time, the complaint shall be dismissed pursuant to 28 U.S.C. § 1915(g).

_____
UNITED STATES DISTRICT JUDGE

Jan 10, 2007
Wilmington, Delaware



FILED
JAN 11 2007
U.S. DISTRICT COURT
DISTRICT OF DELAWARE